**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

Michael S. Bohl and
Daniel A. Sinasohn, individuals,

Plaintiffs,

vs. Cause No.:

Brinkley RV LLC,
a Domestic Limited Liability Company,

Defendant.

---

**JURY TRIAL DEMANDED**
**COMPLAINT AND JURY DEMAND**

NOW COME Plaintiffs, Michael S. Bohl and Daniel A. Sinasohn, by and through their attorneys, Lemon Law Group Partners PLC, and submit the following as their Complaint against Defendant Brinkley RV LLC ("Defendant Brinkley" or "Defendant Manufacturer").

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiffs Michael S. Bohl and Daniel A. Sinasohn are individuals residing at 550 West 54th Street, Apt. 27N, New York, New York 10019.
2. Defendant Brinkley RV LLC is a domestic limited liability company doing business throughout the State of Indiana. Brinkley RV LLC may be served through its registered agent, Mr. Ryan D. Thwaits, 1655 Brinkley Way East, Goshen, Indiana 46528.
3. The transactions and occurrences involved in this action took place in the State of Indiana, County of Elkhart.

**COMMON AVERMENTS**

4. On or about September 30, 2025, Plaintiffs purchased a new 2026 Brinkley Model G4100 fifth wheel trailer, VIN: 7T0FG4736TG002830 from an Authorized Dealership (the "Subject Trailer"). Please see Exhibit A: Purchase Agreement.

5. At the time of purchase, the Trailer was accompanied by a factory warranty which, in relevant part, provided for a 1 (one) year limited base warranty and 3 (three) year limited structural and seals warranty (the "Warranty"). Please see Exhibit B: Pertinent Portion of Warranty. Warranty in its entirety is in Defendant's Possession.

6. The Subject Trailer was purchased primarily for personal, family, and/or household purposes.

7. Defendant Manufacturer's warranty covered any repairs or replacements needed during the warranty period and/or due to defects in factory materials or workmanship.

8. In fact, when delivered, the Subject Trailer was defective in materials and workmanship, such defects being discovered within the warranty periods and repairs were attempted.

9. Shortly after purchase, Plaintiffs noticed defects in the Trailer including but not limited to: slide out screen missing hook, slide out couch defects including tear, window frame not connected, end table moves during travel, garage main door bowed and leaking, garage back door glass falls out during travel, garage toilet does not drain, kitchen screws found after travel, under sink hinge loose, oven takes multiple tries to turn on, hot water inoperable, odor in main space, under sink drain defects, main toilet does not seal, main toilet does not hold water, wall panel behind toilet comes loose during travel, tank sensors inoperable, garage blows only cold air when set to heat, stryker plate bent, black valve does not close and lights stay on, garage keyhole inoperable outside, intermittent

sulfur odor in bedroom and main bathroom, tire pressure sensor inoperable, torn seam tape at stair to master bedroom, corner molding defects, middle leveler not straight, garage dented and scratched, inverter shutting off, kitchen sink leaking into underbelly, second gray tank does not drain and valve does not close, several tank sensors not reading correctly, fuel tank sensor reads 100% at all times, main door does not stay closed, underbelly not put back together correctly, couch side table screw holes stripped, landing gear makes popping noise when retracting, and intermittent sewage odor in bedroom and bathroom persists despite numerous repair attempts. Plaintiffs returned the Trailer to Authorized Dealerships for repair on at least 6 (six) occasions. Please see Exhibit C: Repair Orders.

10. Subject Trailer has been out-of-service for at least 120 (one hundred twenty) total days for the aforementioned repairs. Please see Exhibit C.
11. Despite the prolonged time during which the Subject Trailer has been out-of-service, Defendant Manufacturer has failed to repair the Subject Trailer so as to bring it into conformity with the warranties set forth herein.
12. The defects experienced by Plaintiffs with the Subject Trailer substantially impaired its use, value, and safety to the Plaintiffs, and have shaken the Plaintiffs' faith in the Trailer to operate as designed.
13. Despite Plaintiffs' repeated efforts to allow Defendant Manufacturer the opportunity to conform the Subject Trailer, many nonconforming and defective conditions were not repaired, and still exist.
14. The Trailer still has issues including sewage odor defects.

15. Plaintiffs directly notified Defendant Manufacturer of the defective conditions of the Trailer on numerous occasions and that they desired a buy-back of the Subject Trailer, wherein Defendant failed and refused to buy back Plaintiffs' defective Trailer and to reimburse Plaintiffs pursuant to their rights under State and Federal Laws. Please see Exhibit D: Written Notification, and Exhibit E: Return Receipt.
16. This cause of action arises out of the Defendant Manufacturer's Breach of Warranty and violation of the Federal Magnuson-Moss Warranty Act as set forth in this Complaint.
17. Plaintiffs seek judgment against Defendant in whatever amount Plaintiffs are entitled to, including equitable relief, consequential damages, along with the costs and expenses of this action.
18. There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this Complaint.

## COUNT I
## BREACH OF FACTORY WARRANTY

19. Plaintiffs fully repeat and incorporate Paragraphs 1 through 18, as set forth above.
20. Defendant Brinkley extended to Plaintiffs a 1 (one) year limited base warranty and 3 (three) year limited structural and seals warranty ("Warranty").
21. Plaintiffs, seeking to repair the Subject Trailer, attempted to exercise Plaintiffs' rights under the Warranty.
22. Defendant Brinkley has failed to honor the terms of the Warranty.
23. Defendant Brinkley has failed or refused to repair the issues which include sewage odor defects.
24. As a result of the actions set forth above, Defendant Brinkley has breached its warranty.

25. As a result of Defendant Brinkley's breach of warranty, Plaintiffs have suffered and will continue to suffer significant monetary and consequential damages.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter Judgment in favor of Plaintiffs and against Defendant Brinkley in an amount to be proven at trial, including all consequential damages, incidental damages, equitable remedies, costs, interest, and attorney fees.

## COUNT II
## BREACH OF MAGNUSON-MOSS WARRANTY ACT

26. Plaintiffs fully repeat and incorporate Paragraphs 1 through 25, as set forth above.
27. This Court has jurisdiction to decide claims brought under 15 USC § 2301 et seq., by virtue of 15 USC § 2310(d)(1)(A).
28. Plaintiffs are "consumer"s as defined by 15 USC § 2301(3).
29. Defendant Brinkley is a "supplier" and "warrantor" as defined by 15 USC § 2301(4)(5).
30. The Subject Trailer is a "consumer product" as defined by 15 USC § 2301(6).
31. 15 USC § 2310(d)(1)(A), requires Defendant Brinkley, as a warrantor, to remedy any defects, malfunction or non-conformance of the Subject Trailer within a reasonable time and without charge to Plaintiffs, as defined in 15 USC § 2304(d).
32. The actions of Defendant Brinkley as hereinabove described, in failing to tender the Subject Trailer to Plaintiffs free of defects and refusing to repair or replace the defective Trailer tendered to Plaintiffs, constitute a breach of the written warranties covering the Subject Trailer; and thus, constitute a violation of the Magnuson-Moss Warranty Act.
33. Despite repeated demands and despite the fact that the Plaintiffs have complied with all reasonable terms and conditions imposed upon them by Defendant Brinkley, Defendant

Brinkley has failed and refused to cure any defects and non-conformity with the Subject Trailer.

34. As a result of Defendant Brinkley's breach of factory warranty as set forth above, and Defendant Brinkley's failure to honor its obligations under its warranties, Plaintiffs have suffered and will continue to suffer damages as enumerated above.

35. Defendant Brinkley had a reasonable opportunity to remedy the defects in the Trailer but has failed to do so, thereby entitling Plaintiffs to a refund of the purchase price pursuant to the Magnuson-Moss Warranty Act.

36. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment as follows:

(1) For actual damages according to proof at trial;

(2) For a refund of the purchase price of Subject Trailer;

(3) For Defendant Brinkley to accept return of Subject Trailer;

(4) For attorney's fees and costs of suit incurred herein;

(5) For such other and further relief as the court deems just and proper under the circumstances;

(6) That all issues be tried before a jury.

Dated: June 25, 2026

Respectfully submitted,

**LEMON LAW GROUP PARTNERS PLC**

By: /s/ Sara Brooks______________________
Sara Brooks, Esq. (30249-49)
48 North Emerson Avenue, Suite 400
Greenwood, Indiana 46143
Telephone No.: (888) 415-0610
Facsimile No.: (305) 786-5842
sarab@lemonlawgrouppartners.com
ljordan@lemonlawgrouppartners.com